IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LANE LEZOTTE,** | ) |
| | ) CASE NO. |
| Plaintiff, | ) |
| | ) JUDGE |
| vs. | ) |
| | ) |
| **US INSPECTION SERVICES, INC.,** | ) |
| | ) |
| Defendant. | ) |

## COLLECTIVE ACTION COMPLAINT

Plaintiff Lane Lezotte ("Named Plaintiff"), individually and on behalf of all others similarly situated, by and through his attorneys, brings this action against Defendant US Inspection Services, Inc. ("US Inspection") seeking unpaid wages, including overtime wages, and all other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Named Plaintiff's FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b). Based on personal knowledge of his own conduct and upon information and belief as to the conduct and acts of others, Named Plaintiff allege as follows:

### PARTIES

**Plaintiff**

1. Named Plaintiff Lane Lezotte is an adult resident of Ohio. Lezotte consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b). A Consent to Join form signed by Lezotte is attached hereto as Exhibit A.

2. At all relevant times, Defendant employed Lezotte as an hourly non-exempt worker.

3. Lezotte regularly worked more than 40 hours per workweek.

4. Lezotte is a covered employee within the meaning of the FLSA.

**Defendant**

5. Defendant US Inspection is a Connecticut corporation doing business in the State of Ohio. Upon information and belief, its principal place of business is located in Danbury Connecticut.

6. Defendant is in the business of providing inspection services.

7. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d); an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r); and an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

8. At all relevant times, Named Plaintiff and similarly situated individuals were Defendant's "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e).

## JURISDICTION AND VENUE

9. Named Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to 29 U.S.C. §216(b).

10. At all times material to this Complaint, Defendant had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

11. Defendant's gross annual sales volume was in excess of $500,000.00 per annum at all times material hereto.

12. At all times material to this Complaint, Defendant was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. § 203(s).

13. Defendant is subject to personal jurisdiction in the State of Ohio because Defendant does business in the State of Ohio, and the events giving rise to the lawsuit occurred, in part, in Ohio.

14. Venue is proper in this Court because Defendant performs work in this District and the events giving rise to the lawsuit occurred, in part, in this District.

## FACTUAL ALLEGATIONS

15. Defendant performs inspection work in multiple states, including, but not limited to, Ohio.

16. At all relevant times, Defendant employed Named Plaintiff and similarly situated individuals as non-exempt workers.

17. Inspectors were required travel to jobsites on a daily basis. Before traveling to such jobsites, inspectors were required to report to Defendant's place of business and perform work tasks including, but not limited to, loading vehicles.

18. Inspectors typically work at least forty (40) hours per workweek, not including travel time.

19. Inspectors would often have to travel as much as two hours or more to a job site, after reporting to Defendant's place of business.

20. Defendant did not pay inspectors for all of their travel time that was part of the day's work. Consequently, Defendant failed to pay proper wages, including overtime wages, to Named Plaintiff and other similarly situated individuals.

21. The reason given for Defendant's failure to pay for all travel was that Defendant's customer would not pay for certain travel time that was part of the day's work.

22. Defendant willfully deprived inspectors of proper wages, including overtime wages.

23. Defendant knew that inspectors were working overtime hours and hours for which they were not compensated when they traveled to jobsites as part of their day's work.

24. Additionally, Defendant would frequently adjust Plaintiff and the putative class' time records, so that they were not paid for all time worked, including overtime worked. Again, the reason given was that the customer would not pay for all of Plaintiff and the putative class' time.

25. The exact amount of compensation, including overtime compensation that Defendant has failed to pay Named Plaintiff and other similarly situated individuals is unknown at this time. However, Defendant possesses many of the records necessary to make precise calculations.

26. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records.

27. Defendant did not make, keep or preserve accurate records of the hours worked by Named Plaintiff and similarly situated individuals.

28. Defendant's unlawful conduct has been widespread, repeated, and consistent.

29. Defendant's conduct was willful and in bad faith and has caused significant damages to Named Plaintiff and similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

30. Named Plaintiff, on behalf of himself and other similarly situated individuals, re-allege and incorporate by reference the above paragraphs as if fully set forth herein.

31. Named Plaintiff brings this action on behalf of himself and all other similarly situated individuals pursuant to the FLSA, 29 U.S.C. § 216(b). The proposed collective is defined as follows:

> All persons who US Inspection employed or employs as non-exempt hourly employees who have not been paid for all time spent traveling to jobsites as part of their day's work, and/or whose time was adjusted to reduce hours worked, at any time during the three years preceding the filing of this action. ("FLSA Collective")

32. Named Plaintiff is similarly situated to the FLSA Collective and will prosecute this action vigorously on their behalf.

33. During the relevant time period, Named Plaintiff and the FLSA Collective routinely spent time traveling as part of their day's work to Defendant's jobsites. Named Plaintiff and the FLSA Collective were not compensated for all of their travel time.

34. Additionally, Defendant would frequently adjust Named Plaintiff and the FLSA Collective's time records, so that they were not paid for all hours worked, including overtime hours.

35. Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 *et seq.*, as described in this Complaint in ways including, but not limited to, failing to pay Named Plaintiff and the FLSA Collective proper compensation, including overtime compensation.

36. Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

37. Defendant is liable under the FLSA for failing to properly compensate Named Plaintiff and the FLSA Collective and, as such, notice of this action should be sent to the FLSA Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime wages in violation of the FLSA and would benefit from the issuance of a court-supervised notice of this action and the opportunity to join it. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

### COUNT I - FAILURE TO PAY WAGES, INCLUDING OVERTIME WAGES, IN VIOLATION OF THE FAIR LABOR STANDARDS ACT
### (On Behalf of Named Plaintiff and the FLSA Collective)

38. Named Plaintiff, on behalf of himself and similarly situated individuals, re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

39. The FLSA required employers to pay their employees at a time and one-half rate for all hours worked in excess of 40 in a workweek.

40. The FLSA requires employers to compensate employees for certain travel time. Specifically, U.S. Department of Labor regulations require payment for travel time that is part of day's work. *See* 29 C.F.R. § 785.38.

41. As employees of Defendant, Named Plaintiff and the FLSA Collective have not been compensated for all of their time spent traveling as part of their day's work.

42. As employees of Defendant, Named Plaintiff and the FLSA Collective have not been paid for all overtime hours they worked. Defendant frequently adjusted their time records to eliminate overtime hours worked.

43. Defendant suffered and permitted Named Plaintiff and the FLSA Collective to work in excess of 40 hours per workweek.

44. Defendant failed to compensate Named Plaintiff and the FLSA Collective for all of the time they worked in excess of 40 hours per workweek at a time and one-half rate.

45. Named Plaintiff and the FLSA Collective do not qualify for an exemption from the FLSA's wage and overtime obligations.

46. Defendant knew that Named Plaintiff and the FLSA Collective are not exempt from the FLSA's wage and overtime provisions.

47. Defendant knew that it was required to pay Named Plaintiff and the FLSA Collective for all hours worked, including hours spent traveling as part of a day's work.

48. Defendant knew that it was required to pay Named Plaintiff and the FLSA Collective an overtime premium for all hours worked over forty in any workweek.

49. In spite of such knowledge, Defendant willfully withheld and failed to pay the wages and overtime wages to which Named Plaintiff and the FLSA Collective are entitled.

50. Defendant knew, or showed reckless disregard for the fact, that it failed to compensate Named Plaintiff and the FLSA Collective proper wages, including overtime wages for all hours worked.

51. Defendant's actions, policies, and practices described herein violate the FLSA's overtime pay provisions by regularly and repeatedly failing to compensate Named Plaintiff and the FLSA Collective at the required overtime rate for all overtime hours worked.

52. In violation of the FLSA, 29 U.S.C. § 516, Defendant has failed to make, keep, and preserve records with respect to each of his employees, including Named Plaintiff and the FLSA Collective, sufficient to determine Named Plaintiff' and the FLSA Collective's wages, hours, and other conditions and practice of employment.

53. The foregoing conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

54. As the direct and proximate result of Defendant's unlawful conduct, Named Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of income and other damages. Named Plaintiff and the FLSA Collective seek damages in the amount of his unpaid overtime wages, liquidated damages, interest, reasonable attorneys' fees and costs pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Named Plaintiff, on behalf of himself and all similarly situated members of the FLSA Collective, respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action under the FLSA and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent to join forms pursuant to 29 U.S.C. § 216(b);

b. Judgment that the Named Plaintiff and the members of the FLSA Collective are non-exempt employees entitled to protection under the FLSA;

c. Judgment against Defendant for violation of the wage and overtime provisions of the FLSA, including failing to maintain accurate time records of all hours worked by Named Plaintiff and the FLSA Collective;

d. Judgment that Defendant acted willfully and in bad faith in violating the FLSA;

e. Judgment against Defendant awarding an amount equal to Named Plaintiff' and the FLSA Collective's unpaid wages, including overtime wages, at the applicable rate, including the applicable overtime rate calculated as one and one-half times the regular rate of pay, and an equal amount of liquidated damages;

f.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216;

g.      An award of prejudgment interest; and,

h.      Such further relief as the Court deems just and equitable.

Respectfully submitted,

Nilges Draher LLC


*/s/ Hans A. Nilges*
Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:   (330) 470-4428
Facsimile:    (330) 754-1430
Email:         hans@ohlaborlaw.com
                sdraher@ohlaborlaw.com

*Counsel for Plaintiff*


## JURY DEMAND

Plaintiff requests a trial by jury on all issues so triable.

*/s/ Hans A. Nilges*
Hans A. Nilges