**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LANE LEZOTTE, | : | Case No.: 5:18-cv-01799 |
| | : | |
| Plaintiff, | : | Judge George J. Limbert |
| | : | |
| vs. | : | **JOINT MOTION FOR APPROVAL OF** |
| | : | **SETTLEMENT AND STIPULATION OF** |
| US INSPECTION SERVICES, INC., | : | **DISMISSAL WITH PREJUDICE** |
| | : | |
| Defendant. | : | |

Plaintiff Lane Lezotte ("Lezotte") and Defendant US Inspection Services, Inc. ("US Inspection") respectfully move this Court to approve the Settlement reached by the parties and memorialized in the Settlement and Release Agreement ("Settlement"), attached as **Exhibit A**. The Settlement seeks to resolve all claims Lezotte and the putative opt-in plaintiffs, Larry Bing and Dustin Hanlin (collectively, the "Plaintiffs"), have or could have asserted against Defendant, including any claims under the Fair Labor Standards Act ("FLSA").

The parties respectfully submit that the Settlement is fair and reasonable, and satisfies the criteria for approval under §216(b) of the FLSA.  The Settlement was achieved through diligent and thorough negotiations between the parties' counsel.  If approved by the Court, the Settlement will result in a reasonable settlement payment to Plaintiffs.

The settlement documents submitted for approval by the Court consist of the following:

> **Exhibit A:**    Settlement and Release Agreement
>
> **Exhibit B:**    Stipulated Order and Final Judgment

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement, and the propriety of approving the Settlement.

## I.    THE ACTION

On August 4, 2018, Lezotte filed a putative "Collective Action Complaint" against US Inspection asserting a single cause of action: failure to pay wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq. (the "Action") (Doc. No. 1).  Specifically, Lezotte claimed that US Inspection failed to pay Lezotte, and similarly situated individuals, for time spent traveling as part of their day's work.  Following the filing of the Action, Dustin Hanlin and Larry Bing each filed a "Consent to Join," purporting to opt-in to any eventual collective action. *See* Consent to Join (Doc. Nos. 4-1 and 10-1).[1]  US Inspection denies Lezotte's claims and asserts that Lezotte, along with any similarly situated individuals, was compensated for all hours worked in accordance with the FLSA.  *See*  Answer and Defenses, dated October 10, 2018 (Doc. No. 11).

## II.    THE NEGOTIATIONS

Plaintiffs' counsel conducted a thorough investigation into the facts of this Action and the preparation of Plaintiffs' claims against US Inspection, including reviewing relevant documents and researching the applicable law and the potential defenses.  The parties exchanged substantial informal discovery during the early stages of litigation, including timesheets and payroll documents relevant to the Action.

Upon counsel having the opportunity to review and analyze the relevant documents, settlement negotiations commenced.  Although US Inspection continues to deny any wrongdoing, the parties negotiated in good faith and reached a resolution that reflects a compromise which fully considers the respective claims and defenses.

---

[1] While the caption of Lezotte's Complaint indicated that it was a collective action, Lezotte did not file a motion for conditional class certification. Notwithstanding, this settlement is intended to resolve the entirety of the Action, as well as any claims that could have been brought by Mr. Hanlin and Mr. Bing.

## III.     THE SETTLEMENT TERMS

The Total Settlement Payment of Ten Thousand and 00/100 Dollars ($10,000.00) shall be made as outlined in the Settlement Agreement.  If approved by the Court, the Settlement will resolve all issues between Plaintiffs and US Inspection. If approved, the parties have agreed that the Action will be dismissed with prejudice and Plaintiffs will execute a Settlement and Release Agreement that will release US Inspection from any and all claims, causes of action, charges, suits, contracts, promises, or demands of any kind, which Plaintiffs may now have, whether known or unknown, intentional or otherwise, from the beginning of time to the Effective Date of the Agreement.

## IV.     THE PROPRIETY OF APPROVAL

The Settlement is subject to approval by the Court pursuant to §216(b) of the FLSA.  As explained below, Court approval is warranted.

### A.     The Settlement is a fair resolution of a bona fide dispute.

The court presiding over an FLSA action may approve a proposed settlement of the action under §216(b) "after scrutinizing the settlement of fairness." *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-55 (11th Cir. 1982) (the court should determine whether the settlement is "a fair and reasonable resolution of a bona fide dispute") (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S. Ct. 925, 928 n.8 (1946))).

The payment to Plaintiffs is fair, reasonable, and adequate given that there exists bona fide disputes between the parties, including whether Plaintiffs are entitled to any payments for unpaid travel time. Particularly, the parties dispute whether Plaintiffs worked as many hours as he alleges and whether Defendant compensated Plaintiff for travel time.

The portion of the settlement allocated to Plaintiffs' claims represents a substantial portion of what Plaintiffs could have recovered in the event they prevailed in the Action.  Plaintiffs' attorney's fees have also been considered in the settlement, as a portion of the settlement has been allocated for same.  Given these considerations, the settlement proceeds are fair, reasonable and adequate.

## V.    CONCLUSION

For the reasons addressed above, the Parties respectfully request that this Court approve the Settlement by entering the proposed Stipulated Order and Final Judgment attached as **Exhibit B**.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF,<br>LANE LEZOTTE | DEFENDANT,<br>US INSPECTION SERVICES, INC. |
| By:  _/s/ Hans A. Nilges_ | By:  _/s/ Ian T. Clarke-Fisher_ |
| Hans A. Nilges | Daniel E. Bryer |
| Shannon M. Draher | Rachel V. Kushel* |
| 7266 Portage Street, N.W., Suite D | Ian T. Clarke-Fisher* |
| Massillon, OH 4466 | Robinson & Cole LLP |
| Telephone:      (330) 470-4428 | 666 Third Avenue |
| Facsimile:      (330) 754-1430 | New York, NY  10017 |
| Email:            hans@ohlaborlaw.com | Tel. No.: (212) 451-2900 |
|                      sdraher@ohlaborlaw.com | E-mail:  dbryer@rc.com |
| | E-mail:  rkushel@rc.com |
| | E-mail:  iclarke-fisher@rc.com |
| | |
| | * Admitted _Pro Hac Vice_ |

## <u>CERTIFICATION</u>

I hereby certify that on this 5th day of April 2019, the foregoing was filed electronically. Notice of this filing will be sent by e-mail to all appearing parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

        */s/ Hans A. Nilges*
        Hans A. Nilges

19106630-v1